```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
   JAMES SYPHRETT,                                          :
                                                            :
                                      Petitioner,           :    10 Civ. 5142 (KPF) (FM)
                                                            :
                       v.                                   :    OPINION AND ORDER
                                                            :    ADOPTING REPORT AND
   PHILIP D. HEATH, Superintendent                          :    RECOMMENDATION
   Sing Sing Correctional Facility,                         :
                                                            :
                                      Respondent.           :
                                                            :
------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 20, 2015
```

KATHERINE POLK FAILLA, District Judge:

      Petitioner James Syphrett, who is proceeding *pro se* and is currently incarcerated at the Sing Sing Correctional Facility in Ossining, New York, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 6, 2010 (the "Petition"), against Respondent Philip D. Heath, the Superintendent of Sing Sing Correctional Facility. Petitioner seeks review of his New York State Supreme Court convictions for one count each of Robbery in the First Degree, Criminal Possession of a Weapon in the Third Degree, and Grand Larceny in the Third Degree. Pursuant to a referral from this Court, United States Magistrate Judge Frank Maas issued a Report and Recommendation dated August 11, 2014 (the "Report"), recommending that the Petition be denied. The Court has examined both the Report and Petitioner's September 11, 2014 Response to that Report (the "Response"), and finds that the Report should be adopted in full. Accordingly, the Petition is denied.

## BACKGROUND

The facts and procedural history leading up to the Petition are set forth in the Report. (*See* Dkt. #25 at 2-10). Nonetheless, a brief summary of the relevant facts is useful to this Court's analysis.

The jury convicted Petitioner on July 15, 2005, on one count each of Robbery in the First Degree, Criminal Possession of a Weapon in the Third Degree, and Grand Larceny in the Third Degree. (Report 6). Petitioner was sentenced on September 28, 2005, as a persistent violent felony offender, to concurrent, indeterminate terms of twenty years to life on the robbery count, and two to four years on the weapon possession and grand larceny counts. (*Id.*).

The People's evidence at trial established the following: On November 16, 2004, Hope Gamble and Gary Cardany left their place of employment, a Hale & Hearty Soups restaurant in midtown Manhattan, to deposit the daily cash receipts at a nearby bank. (Report 3). Gamble was carrying the $5,840 in cash in a black canvas computer bag. (*Id.*). Petitioner ran towards Gamble at full speed, bumped into Gamble's right side with severe force, snatched the deposit bag, and continued running. (*Id.*). Cardany gave chase, while simultaneously urging onlookers to impede Petitioner's escape. (*Id.*). A small group of pedestrians moved in Petitioner's direction, which forced him to reverse course and run back in the direction of Cardany. (*Id.*). Cardany continued pursuit around a parked passenger van, where Petitioner confronted him and brandished a box-cutter. (*Id.*). At this point, one of the bystanders grabbed the

deposit bag from Petitioner and handed it to Cardany. (*Id.* at 4). Several other bystanders then converged, tackling and restraining Petitioner. (*Id.*). Cardany noticed the box-cutter on the ground near Petitioner, and asked one of the bystanders to move it out of Petitioner's reach. (*Id.*). When police arrived at the scene to arrest Petitioner, Cardany identified the box-cutter as the weapon Petitioner had displayed. (*Id.*).

As part of the prosecution's case, Cardany and the two arresting police officers testified. (Report 5). The defense case consisted of one witness — Gamble — who testified that she was engaged to Petitioner, and had been dating him for six years. (*Id.* at 4). Gamble testified that she had not been the employee scheduled to make the deposit on that day, and had no advance notice that she would be asked to make the deposit. (*See id.*). She further testified that the collision that allowed Petitioner to abscond with the deposit bag was not particularly violent — no more so than the ordinary jostling that might occur on a crowded city street in the middle of the afternoon. (*See id.*).

Petitioner's attorney, John P. Gross, Esq., focused his summation on three areas: (i) the prosecution's failure to call additional bystander witnesses; (ii) the credibility of Cardany's testimony; and (iii) the implausibility that Petitioner would rob his fiancée or know that she would be making a deposit of Hale & Hearty's funds on that particular day. (Report 5). As noted, Petitioner was ultimately convicted at trial on all three counts. (*Id.* at 6).

In his direct appeal to the Appellate Division, Petitioner argued that his robbery conviction was against the weight of the evidence, that the evidence at

trial was legally insufficient to establish the element of force required for a taking to constitute a robbery, and that he had received ineffective assistance of counsel. (Report 6-7). The First Department affirmed Petitioner's conviction on December 11, 2008. *People* v. *Syphrett,* 869 N.Y.S.2d 422 (2008). The First Department also commented that, although Petitioner's ineffective assistance claim was not reviewable on direct appeal because it involved "matters outside the record concerning counsel's strategy," the existing record on appeal demonstrated that Petitioner had received effective assistance of counsel. *Id.* at 423. Petitioner's application to appeal that decision was denied by the New York Court of Appeals on March 3, 2009. *People* v. *Syphrett,* 12 N.Y.3d 788 (2009).

Petitioner timely filed his Petition, which incorporates by reference each of the arguments raised in his brief before the Appellate Division. (Report 8). On October 20, 2010, Judge Maas granted Petitioner's request to stay the habeas proceeding while Petitioner filed a motion to set aside his sentence pursuant to Section 440.20 of the New York Criminal Procedure Law ("CPL"). (*Id.*). Petitioner challenged his sentence on three grounds: (i) that he did not have an opportunity to controvert a 1988 violent felony conviction prior to sentencing; (ii) that the sentencing court erred in classifying him as a persistent violent felony offender on the basis of two prior misdemeanor convictions; and (iii) that the sentencing court initially adjudicated Petitioner a predicate violent felon, but sentenced him as a persistent violent felon. (*Id.* at 9). Petitioner's motion to set aside his sentence was denied on May 26, 2011.

4

(*Id.*).  The Appellate Division denied his application for leave to appeal that determination on November 1, 2011.  (*Id.* at 10).  Although Judge Maas instructed Petitioner to file an amended petition after exhausting his state court remedies (*see* Dkt. #6), Petitioner failed to do so (Report 8, 10).

On August 11, 2014, Judge Maas issued the Report recommending that the Petition be denied in its entirety.  (Report 35).  The Report directed the parties to file any written objections to the Report with the Court within 14 days of being served with the Report, and advised the parties that failure to object within 14 days would result in waiver of objections and would preclude appellate review.  (*Id.* at 36).  On August 18, 2014, Petitioner requested an extension from 14 days to 60 days to file his written objections.  (Dkt. #26).  On August 20, 2014, this Court granted the request, and warned Petitioner that no further extensions would be granted absent compelling circumstances.  (Dkt. #27).

On September 11, 2014, Petitioner filed the Response.  (Dkt. #28).  In it, Petitioner agreed with the Report insofar as it stood for the proposition that "[P]etitioner should be allowed to return to State Court to exhaust [his ineffective assistance] claims."  (*Id.*).  With respect to all other claims, Petitioner made no specific reference and lodged no objection; rather he purported to "preserve[] the right, once he … exhausted [his ineffective assistance claims], to be able to respond to the remaining contentions of the [Report], which will require an extension of time to complete the same."  (*Id.*).

5

## THE STANDARD OF REVIEW

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Grassia* v. *Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Ramirez* v. *United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012) (citation omitted). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed.'" *Easley* v. *Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States* v. *U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

To the extent that a petitioner makes specific objections to a magistrate judge's findings, the court must undertake a *de novo* review of the objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States* v. *Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). *Pro se* filings are read liberally and interpreted "to raise the strongest arguments that they suggest." *Pabon* v. *Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections … must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *DiPilato* v. *7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (citation omitted); *see also Bowens* v. *Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 59 (E.D.N.Y. 2008) ("To allow a party to trigger full de novo review by the district judge on the basis of [conclusory]

objections … would make a mockery of the role of magistrate judges in fulfilling their important and well-recognized responsibilities.").

Finally, a party's failure to object timely to a report and recommendation, after receiving clear notice of the consequences of such a failure, operates as a waiver both of the party's right to object to the report and recommendation and of the right to challenge the report and recommendation on appeal. *See Frank* v. *Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) ("We have adopted the rule that failure to object timely to a report waives any further judicial review of the report."); *accord Johnson* v. *Woods*, 426 F. App'x 10, 11 (2d Cir. 2011) (summary order).

## DISCUSSION

### A.  The Report and Petitioner's Response

Judge Maas thoroughly and carefully considered each claim raised by the Petition, and properly determined that they had no merit, as will be discussed more fully below.  Furthermore, as noted, Judge Maas informed Petitioner that he had 14 days after being served with a copy of the Report to file any objections, and warned that failure to file a timely objection would result in a waiver to do so, as well as a waiver of the right to object on appeal. (Report 36).  This Court extended this deadline once, but warned that no further deadlines would be granted absent compelling circumstances.

Having received clear notice of the consequences of remaining silent with respect to his objections, Petitioner filed a responsive submission with the Court that fails to raise any specific objection with the Report and identifies no

7

compelling reasons for further extension.  Instead, Petitioner misapprehends a key finding of the Report and ignores this Court's specific instructions as to the filing of his written objections.  First, Judge Maas found — in no uncertain terms — that "there is no reason to stay this case" because Petitioner's "ineffective assistance of counsel claims are meritless." (Report 14).  Second, this Court already granted Petitioner an extension to file his written objections to the Report (from 14 days to 60 days), noting that "no further extensions of this deadline [would] be granted absent compelling circumstances." (Dkt. #27).  Petitioner's response, which was already given the benefit of an extension, amounts to an incorrect and selective reading of the Report, and an unjustified presumption that this Court would grant a further extension to accommodate yet another stay in this habeas proceeding.

 The only portion of the Report that is referenced is done so not in the context of an objection to any of Judge Maas's careful and well-reasoned findings, but instead to voice agreement (albeit mistakenly) with that portion of the Report.  Petitioner has thus failed to object to any portion of the Report within the allotted time, and waived the right to challenge the Report on appeal.  *See Mario* v. *P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (failure to object to portion of magistrate's report and recommendation ordinarily will constitute waiver of challenge to that aspect of report); *see also Woods*, 426 F. App'x at 11 ("A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal.").  Alternatively, because

8

Petitioner fails to raise any objections, the Court has reviewed the Report for clear error. There is none.

**B.     Review of Petitioner's Claims**

Petitioner asserts four claims for habeas relief: (i) that his verdict was against the weight of the evidence; (ii) that there was insufficient evidence to support the conviction for Robbery in the First Degree; (iii) that Petitioner's trial attorney provided ineffective assistance; and (iv) that the trial judge erred in sentencing Petitioner as a persistent violent offender.

   **1.     Weight of the Evidence**

Judge Maas disposed of — in an appropriately expeditious manner — Petitioner's claim that the jury weighed the evidence improperly by noting that "a weight-of-the-evidence claim … is not cognizable in a habeas proceeding." (Report 15 (citing *McKinnon* v. *Superintendent, Great Meadow Corr. Fac.*, 422 F. App'x 69, 75 (2d Cir. 2011) (summary order)). "'[I]t is well settled that upon habeas corpus the court will not weigh the evidence.'" *Gunter* v. *Lee*, No. 12 Civ. 8331 (VEC), 2014 WL 5430565, at *2 (S.D.N.Y. Oct. 24, 2014) (quoting *Hyde* v. *Shine*, 199 U.S. 62, 84 (1905)); *accord McKinnon*, 422 F. App'x at 75. On this basis, the Report properly determined that Petitioner's weight of the evidence claim failed to entitle him to habeas relief.

   **2.     Sufficiency of the Evidence**

Petitioner next asserts that the evidence was legally insufficient to support a conviction for Robbery in the First Degree, which requires a forcible

9

taking,[1] because (a) the "bump" that was described at trial does not constitute the degree of physical force necessary to establish a robbery; and (b) any threat of physical force associated with brandishing of the box-cutter was made not in connection with the taking of property or retaining of property immediately after a taking (as contemplated by the robbery statute), but instead in connection with Petitioner's efforts to escape. (Report 17). Moreover, according to Petitioner, if either of these instances in which Petitioner purportedly used or threatened physical force fails to satisfy the forcible taking required under the robbery statute, Petitioner's conviction must be reversed because some of the jurors may have voted for conviction on an incorrect theory. (*Id.* at 17-18).

---

[1] Robbery is defined by the New York Penal Law as

> forcible stealing. A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:
>
> 1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
>
> 2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.

N.Y. Penal Law § 160.00.

In relevant part, Robbery in the First Degree occurs

> when [an individual] forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
>
> 1. Causes serious physical injury to any person who is not a participant in the crime; or
>
> 2. Is armed with a deadly weapon; or
>
> 3. Uses or threatens the immediate use of a dangerous instrument[.]

N.Y. Penal Law § 160.15.

The Report correctly concludes that there was sufficient evidence for a jury to convict Petitioner of Robbery in the First Degree. With respect to the "bump" that allowed Petitioner to snatch the deposit bag, Judge Maas noted that a reasonable juror could have found such contact sufficient to satisfy the physical force element because the collision between Petitioner and Gamble was characterized at trial as "severe" and because Gamble (the recipient of the "bump") sought medical attention after the incident. (Report 19). *See People* v. *Odom*, 817 N.Y.S.2d 23, 24 (1st Dep't 2006) (finding sufficiently forcible the shove of a bystander made "in an effort to retain … money while fleeing"). With respect to Petitioner's brandishing of the box-cutter, Judge Maas concluded that a reasonable juror could have credited testimony that Petitioner was still clutching the deposit bag when he brandished the box-cutter, and determined that this display of force was used to retain the property. (*Id.* at 21). *See People* v. *Brandley*, 680 N.Y.S.2d 212, 213 (1st Dep't 1998) ("Given that defendant was in possession of the stolen property while he was engaged in such use of force, the jury was entitled to infer that his purpose in using force was to retain control of the stolen property, not merely to escape or defend himself.").

Finally, because both of the prosecution's theories of physical force were supported by legally sufficient evidence, Judge Maas correctly determined that each juror could have reasonably concluded that the physical force element was satisfied. (Report 22-23). Even assuming differing views among the jurors as to how the element was satisfied — by way of the collision or through the

11

brandishing of the box-cutter — Petitioner's conviction would still stand. "Although a defendant is entitled to a unanimous jury verdict on whether the criminal act charged has been committed, he is not entitled to a unanimous verdict on the precise manner in which the act was committed." *People* v. *Smiley*, 958 N.Y.S.2d 63 (Table), 2010 WL 3430303, at *4 (Crim. Ct. Aug. 26, 2010); *see also Schad* v. *Arizona*, 501 U.S. 624, 631-32 (1991) ("We have never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone.  In these cases, as in litigation generally, different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line.  Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict." (internal quotation marks and citation omitted)). Accordingly, the Court finds no clear error in the Report's recommendation with respect to the sufficiency of the evidence.

### 3. Ineffective Assistance of Counsel

Next, Judge Maas recommended dismissal on the merits of that portion of the Petition predicated on unexhausted ineffective assistance of counsel claims.  (*See* Report 13-14).[2]  Judge Maas correctly noted that this Court may

---

[2]  Petitioner raised ineffectiveness claims, under both the New York and United States Constitutions, on his direct appeal. (Report 13). On the record available, the First Department indicated that Petitioner "received effective assistance under the state and federal standards." (*Id.* (quoting *Syphrett*, 869 N.Y.S.2d at 423)).  However, the First Department eventually concluded that these particular claims were "unreviewable on direct appeal because they involve[d] matters outside the record concerning counsel's strategy." (*Id.* (quoting *Syphrett*, 869 N.Y.S.2d at 423)).  Petitioner could have, but did

12

either stay the decision on these claims to allow Petitioner to raise them in state court, or it may take jurisdiction over these claims for the sole purpose of dismissing them pursuant to 28 U.S.C. § 2254(b)(2).  (*Id.* at 14).

Because the Court agrees with Judge Maas that Petitioner's ineffective assistance claims are meritless, it finds that the interests of justice favor considering the merits of Petitioner's ineffectiveness claims for the purpose of dismissing them, and therefore the Court does so pursuant to 28 U.S.C. § 2254(b)(2).  *See Rhines* v. *Weber*, 544 U.S. 269, 277 (2005) ("[T]he district court would abuse its discretion if it were to grant … a stay when … unexhausted claims are plainly meritless."); *Quail* v. *Farrell*, 550 F. Supp. 2d 470, 476 (S.D.N.Y. 2008) (denying habeas petition, and declining to stay case, where ineffective assistance claim was unexhausted and plainly meritless).

Turning to the merits of Petitioner's claims, Judge Maas correctly determined that the trial attorney's decision to waive his opening statement did not render his counsel ineffective.  *See United States* v. *Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987) ("[T]he decision whether to make an opening statement … is ordinarily a matter of trial tactics and strategy which will not constitute the incompetence basis for a claim of ineffective assistance of counsel.").  Judge Maas also properly rejected Petitioner's assertion that the trial attorney's choice to advance particular arguments, and not others, could form a basis for an ineffective assistance of counsel claim under these

---

not, raise his ineffective assistance claims through a collateral challenge pursuant to Section 440.10 of the CPL.  (*See id.* at 13-14).

13

circumstances. (Report 26-27). The prosecution's case was strong, and trial counsel's effort to create a basis for reasonable doubt during cross-examination by having Cardany demonstrate how Petitioner wielded the box-cutter — and then arguing in summation that the box-cutter was not actually brandished in the manner in which Cardany testified — was commendable for its ingenuity, if not ultimately successful. (*See id.* at 27, 29). Moreover, the arguments counsel refrained from making — for example, that the brandishing of the box-cutter occurred only after Petitioner had relinquished the stolen property — appear part of a strategy aimed at avoiding concessions that would have necessarily exposed Petitioner to a persistent violent offender sentence. (*Id.* at 25, 27-28). *See also Syphrett*, 869 N.Y.S.2d at 422 ("The actions of counsel challenged by defendant on appeal were reasonable strategic decisions. In particular, we see no reason to fault counsel for pursuing acquittals on all counts and avoiding any line of defense that would have led, at least, to a grand larceny conviction, thus exposing his client to possible sentencing as a discretionary persistent felony offender."). Accordingly, the Court finds that counsel's "decisions … fall squarely within the ambit of trial strategy," and were "reasonably made"; accordingly, they "will not constitute a basis for an ineffective assistance claim." *Nersesian*, 824 F.2d at 1321; *see generally Strickland* v. *Washington*, 466 U.S. 668, 689 (1984) ("[A] defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.").

14

Additionally, with respect to trial counsel's "misguided" quotation of Shakespeare, Judge Maas correctly noted that Petitioner cannot establish that he was prejudiced by this brief diversion. (Report 30-31). The trial judge instructed the jury that nothing in the attorneys' summations was to be considered evidence, and the jury is presumed to have followed these instructions. *See Evans* v. *Michigan*, 133 S. Ct. 1069, 1080 (2013) ("[A] jury is presumed to follow its instructions." (internal quotation marks and citation omitted)). Moreover, the Court agrees with Judge Maas that any claim of prejudice stemming from the trial attorney's summation is undercut by the "overwhelming proof of [Petitioner's] guilt." (*Id.* at 31). *See also Lindstadt* v. *Keane*, 239 F.3d 191, 204 (2d Cir. 2001) ("Even serious errors by counsel do not warrant granting habeas relief where the conviction is supported by overwhelming evidence of guilt."). In sum, the Court finds no error in the Report's recommendation that this Court dismiss Petitioner's ineffective assistance of counsel claims for lack of merit.

### 4.    Sentencing

Petitioner's final challenge relates to his sentencing as a persistent violent felony offender. (Report 32-35). "New York's violent felony offender statute provides that individuals convicted of a 'violent felony offense,' who have 'two or more predicate violent felony convictions' are to be sentenced to an indeterminate term of imprisonment — the maximum term of which is life, and the minimum term of which is prescribed by statute." *Liggan* v. *Senkowski*, No. 11 Civ. 1951 (RA), 2014 WL 5315029, at *5 (S.D.N.Y. Oct. 17, 2014)

(quoting N.Y. Penal Law § 70.08)). Robbery in the First Degree is defined as a Class B violent felony offense, and Attempted Robbery in the First Degree is defined as a Class C violent felony offense. *See* N.Y. Penal Law § 70.02.

Judge Maas correctly determined that the trial judge had a factual basis to adjudicate Petitioner as a persistent violent felony offender based on his two prior convictions — one in 1988 and one in 1992 — for Attempted Robbery in the First Degree, and his 2005 conviction for Robbery in the First Degree. (Report 33-35). Accordingly, the Court finds no clear error in the Report's recommendation in this respect.

## CONCLUSION

For the foregoing reasons, the Report is adopted in full, and the Petition is DENIED. The Clerk of Court shall dismiss this Petition and close the case.

Since Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). Additionally, because Petitioner failed to object to any portion of the Report within the allotted time, he has waived the right to challenge the Report on appeal. *See Mario*, 313 F.3d at 766. Finally, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith; therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge* v. *United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     April 20, 2015
           New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*A copy of this Opinion and Order was mailed by Chambers to:*

    James Syphrett
    #05-A-5193
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, NY 10562